Louann JOHNSON, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 08–0657–cv.

United States Court of Appeals, Second Circuit.

April 28, 2009.

58

Mark M. McDonald, Bond & McDonald, Geneva, N.Y., for Plaintiff–Appellant.

Arthur Swerdloff, Special Assistant U.S. Attorney, (Barbara L. Spivak, Chief Counsel–Region II, Office of the General Counsel, Social Security Administration, on the brief), for Terrance P. Flynn, U.S. Attorney, Western District of New York, Rochester, N.Y., Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. JANE A. RESTANI, Judge.[1]

### SUMMARY ORDER

Plaintiff appeals from an order granting judgment to Defendant, upholding the Commissioner's decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* We assume the parties' familiarity as to the facts, procedural history, and issues raised on appeal.

We review the Commissioner's decision only to check that it utilized the correct legal standard and is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir.1997). A finding is supported by substantial evidence if a reasonable mind might accept that evidence as adequate to support the conclusion. *Curry v. Apfel,* 209 F.3d 117, 122 (2d Cir.2000).

Plaintiff argues primarily that the Commissioner (as represented by an administrative law judge), erred by giving insufficient weight to a 2005 report from her treating physician. Although an Administrative Law Judge ("ALJ") must give deference to an applicant's treating physician, that opinion is controlling only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The 2005 report, however, was not supported by any explicit findings and seems to contradict earlier reports by the same doctor. Although it is possible that Plaintiff's condition changed, there is no objective evidence supporting such a conclusion. Significantly, it seems that the most recent examination by the treating physician was in August 2004, and there was an October 2004 report, made *after* that exam by that same physician that contradicted his later 2005 report. Accordingly, we need not reach Appellee's contention that any error made by the ALJ was harmless.

We have reviewed all of Appellant's claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED.

---

1. The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.